## COLE v. FLOURNOY.

1. The local law of 5th February, 1840, giving monthly courts to certain counties, repealed so much of the act of 1814, as required ten days to intervene between the test and return of a warrant. Quere—is not that portion of the act of 1814 directory merely?

Error to the County Court of Chambers.

THE plaintiff in error sued out a warrant against the defendant, before a justice of the peace, which was tested on the 4th January, 1845, returnable on the 2d Saturday of the month, (the 11th instant,) and executed on the 6th instant— on the return of the writ, the cause was continued by consent. On the 8th February, the justice gave judgment against the defendant, from which the plaintiff appealed to a jury, which came on to be tried on the 12th April. The defendant moved to quash the writ, because ten days did not intervene between the issuance and return of the writ; the court overruled the motion, and the jury rendered a verdict in favor of the defendant, upon which the court rendered judgment for costs. From this judgment the plaintiff appealed to the next county court, and executed his bond, with William Whitlow as his surety, with the following condition: "Now if the said Lindsay H. Cole, shall prosecute his said appeal with effect, in said county court, and shall pay the said Marcus A. Flournoy, all such costs, and damages, as he may sustain, by said appeal, then this obligation to be void, otherwise," &c.

Upon the trial in the county court, the defendant again renewed his motion to dismiss, because ten days did not intervene between the test of the writ, and the return day, and it appearing to the court, that the same motion had been made before the justice, the court dismissed the proceeding, and the plaintiff excepted. The court rendered judgment for the costs against the plaintiff and his surety.

51

The assignments of error are for dismissing the cause, and rendering a judgment on the appeal bond.

ALLISON, for the plaintiff in error.   The cause being *tried de novo*, no objection could be taken to the warrant. [Clay's Dig. 315, $ 12; Minor's Rep. 55; 1 Ala. R. 157, 264; Meek's Dig. 114, $ 2.]

The condition of the appeal bond did not warrant a judgment against the surety.   [Clay's Dig. 314; 4 Ala. R. 315.] The judgment exceeds the penalty of the bond.

L. B. ROBERTSON, contra.   The act of 1814, (Clay's Dig. 359,) requires ten days at least to intervene between the test and return of magistrate's warrants:   The act of 5th February, 1840, giving monthly courts to certain counties, did not repeal the act of 1814, both may well stand together, and a repeal by implication is not favored.

The proceeding is to be *de novo*, but all objections available in the court below, are available in the appellate court.

ORMOND, J.—We should be strongly inclined to think, that the act of 1814, requiring at least ten days to intervene between the test and return of the warrant, to be directory to the justice of the peace, as no conceivable injury could accrue, if the process was executed five days before the time appointed for the trial.   It must be the same to him, whether the warrant had slept one day, or twenty, in the hands of the constable, or in the office of the magistrate, before he was notified to attend the trial.

We do not however consider it necessary to decide this point, because in our opinion, the local law for the government of Chambers county, (Meek's Sup. 114,) has introduced a different rule.   By that act, justices hold their courts once a month, which is to be agreed on, and settled, and if not so settled is determined by the act.

All process sued out " within five days" of this stated term, is by law made returnable to the succeeding term of the court.   Now suppose " a suit to be instituted," in the language of this act, six days before the time of holding the term, it must be executed in time, that is within five days.

as required by the act of 1814, and stand for trial at the ensuing term. This is the clear implication of the act, and therefore it must necessarily repeal that portion of the act of 1814, which requires ten days to intervene between the test, and return day of a warrant ; being incompatible with it, it must to that extent repeal it.

The warrant in this case, being executed five days before the sitting of the court, was improperly dismissed by the county court, conceding that it could dismiss a warrant for this cause. But we think the provision of the statute, which requires appeal cases to be tried according to the equity and justice of the case, without regarding defects in the warrant, &c. would of itself prevent the appellate court from noticing a defect of this kind, if it were one.

Let the judgment be reversed and the cause remanded.